IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter Of | CIVIL NO. CV 14-00143-ACK-KSC (OTHER CIVIL ACTION) |
| DEREK H., by and through his Mother, RITAKO H., | |
| Plaintiffs, | PLAINTIFFS' REVISED FINDINGS AND CONCLUSIONS REGARDING OUTSTANDING COSTS AND EXPENSES |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | |
| Defendant. | |

**PLAINTIFFS' REVISED FINDINGS AND CONCLUSIONS REGARDING OUTSTANDING COSTS AND EXPENSES**

On February 27, 2014, an Administrative Hearings Officer determined that Defendant Department of Education DENIED Derek H. a free appropriate public education, as required by the Individuals with Disabilities Act, 20 U.S.C. § 1400, *et seq.* The Hearings Officer issued a Decision that denied Plaintiffs "any relief for any denials of FAPE established in this case," including reimbursement or other equitable relief. (Doc. 11, ROA pp. 177-222).

Before the Court, pursuant to a Minute Order by United States District Court ("USDC") Judge Alan C. Kay, are Derek H. ex rel. Ritako H., ("Plaintiffs") on the issue of remaining costs and expenses pursuant to his placement at ABC School. On July 21, 2015, Judge Kay issued a Minute Order in which he ordered the parties to confer to

determine whether the matters of unpaid expenses could be resolved in advance of the July 27, 2015 hearing scheduled in the matter (Doc. 42). Judge Kay noted that Defendant Department of Education ("DOE") asserted in their Answering brief that the matter is moot because the DOE has paid for all appropriate expenses during the Stay-put period. Plaintiffs responded that the DOE has not paid all of the expenses, including approximately $1200.00 for transportation and $7600.00 for speech therapy.

After reviewing the record and the parties' submissions, the Court FINDS AND RECOMMENDS that Plaintiffs' proposed findings and recommendations be GRANTED IN PART AND DENIED IN PART. The Court adopts in part Plaintiff's proposed findings and recommendations regarding outstanding costs and expenses with regard to $7689.14 reimbursement for speech therapy for the student's education. The Court rejects Plaintiffs' proposed findings and recommendations regarding $1,231.39 reimbursement for taxi transportation because the record does not establish that taxi cab services were necessary and/or appropriate.

I.   **BACKGROUND**

Derek H. is a qualified student under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). The present challenge before the Court is an appeal of the Administrative Decision from Administrative Hearings Officer David Karlen ("AHO") dated February 27, 2014 in SY1314-011 ("2014 Decision") (Doc. 11, ROA pp. 177-222) following administrative proceedings concerning Derek's November 13, 2012 Individual Education Plan ("IEP"). Originally, Plaintiffs initiated the IDEA's

procedural safeguards in order to challenge the DOE's offer of free appropriate public education ("FAPE"), seeking reimbursement and continued placement at ABC.

Plaintiffs previously challenged the offer from Kipapa Elementary School ("Kipapa") in school year 2010-2011 in DOE-SY1011-111, where Plaintiffs established a denial of FAPE. In the Administrative Decision dated May 7, 2012, Ms. Haunani Alm ordered placement at ABC School. (Doc. 12 at pp. 113-156). Ms. Alm expressly ordered, *inter alia*, reimbursement and continued placement at ABC through Extended School Year 2013. (Doc. 12, Decision at 43).

The May 7, 2012 Administrative Decision resulted in a bilateral placement that existed until such time that the DOE offered Derek a FAPE. In the absence of FAPE, the parent's decision to continue his enrollment at ABC was a proper continuation of that bilateral placement. *D.C. v. Dep't of Educ.,* 550 F. Supp. 2d 1238, 1247-48 (D.Hawaii 2008), *cited with approval in Sam K., by and through his parents; Diane C.; George K., v. State of Hawaii, Dep't of Educ..* 788 F.3d 1033 (9th Cir. 2015); and *Teresa L. v. Dep't of Educ.,* 325 Fed. Appx. 583, 584 n.3 (9th Cir. 2009).

The current dispute in DOE-SY1314-011 addressed the offer of FAPE in the 2012-2013 school year. After an administrative hearing brought pursuant to 20 U.S.C. § 1415(f), parent prevailed in part and proved that the DOE denied Derek a FAPE and that the private placement has provided and can provide educational instruction specially designed to meet Derek's unique needs, supported by such services as are necessary to permit him to benefit from instruction. However, AHO Karlen failed to provide a

remedy and Plaintiffs appealed to the USDC on March 24, 2014.

The DOE abandons its challenge to the finding that Derek was denied a FAPE despite the motions practice before this Court that resulted in this Court's September 2, 2014 Order Granting in Part and Denying in Part Plaintiffs' Motion to Dismiss Counterclaims and Strike Affirmative Defenses. Doc. 32. Judge Kay found that the DOE's counterclaims should not be dismissed as untimely. However, the Court concluded that the DOE's counterclaims failed to satisfy the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Judge Kay dismissed the DOE's counterclaims without prejudice. Doc. 32. All of the DOE's affirmative defenses were stricken without prejudice. *Id*. The DOE had thirty days to amend their Answer but failed to do so. Therefore, the AHO's finding and conclusion that Kipapa denied Derek a FAPE remains as a matter of law.

## II.   <u>ANALYSIS</u>

Defendant DOE did not raise the mootness argument in their Answer to Complaint. (Doc. 9). They first raised the mootness claim in their Answering brief filed April 7, 2015. Defendant DOE asserted the following:

> This case is now moot. Plaintiffs have already obtained the full extent of the remedy sought in their due process request, which was continued placement for Student at Autism Behavior Consulting Group, Inc. ("ABC Group" or "Private School") at DOE expense for school year 2013-2014 and summer ESY 2014 (until approximately August 2014) and door to door transportation.

(Doc. 39 at 2).

4

In Reply, Plaintiffs countered that the case is not moot since Defendant has not paid $1,231.39 for transportation and $7,689.14 for speech therapy. (*See* Doc. 49, Plaintiffs' Exh. G)  ABC contemporaneously provided those invoices to the DOE (*See* Doc 49, Wiech Decl. at ¶25).

## A.    Reimbursement for Transportation

As previously recognized by Judge Kay, "[t]he order of AHO Alm in DOE-SY1011-111, which placed Student at ABC School, specifically required DOE to pay for transportation, it would therefore appear that any outstanding transportation costs should be paid by DOE. July 21, 2015 Minute Order at 1. (Doc. 42). However, upon review of Plaintiffs' submissions and the record, the Court rejects Plaintiffs' proposed findings and recommendations regarding $1,231.39 reimbursement for taxi transportation because the record does not establish that taxi cab services were necessary and/or appropriate.

## B.    Reimbursement for Speech Therapy

The May 7, 2012 Administrative Decision ordered placement at ABC with reimbursement for "educational and related expenses, including lunch and daily transportation to and from [ABC]." (Doc. 12, Exh, 11 at p. 155). In the 2012 Decision, Ms. Alm found that the DOE administered a speech language assessment to Derek resulting in a finding that he "was found to have significant deficits in the areas of auditory comprehension, expressive language skills and receptive vocabulary skills." Derek obtained a language composite score in the "deficient range." (Doc. 12, Exh. 11 at

p. 123, FOFs 28 & 29). In the 2014 Decision, Mr. Karlen recognized that "[o]ral communication is one of [Derek's] more severe deficits." (Doc. 11, ROA pp. 177-222, FOF 34 at p. 8 of the Decision). Therefore, addressing Derek's speech is a unique educational need and is a necessary part of his educational program in order for him to receive an educational benefit. *Board of Educ. v. Rowley*, 458 U.S. 176, 207, 102 S.Ct. 3034 (1982). As noted previously by the Ninth Circuit, education covers a wide range "of skills or knowledge – including not only academic learning, but also socialization, adaptive skills, **language and communication**, and reduction of behavior problems – to assist a child to develop independence and personal responsibility." *Amanda J. v. Clark County School District*, 267 F.3d 877, 883 (9th Cir. 2001)(internal quotation omitted)(emphasis added). By ordering reimbursement for Derek's educational and related expenses, speech language therapy is included within the definition of education as articulated by the Ninth Circuit in *Amanda J.*

Indeed, in finding that ABC remained an appropriate placement for purposes of reimbursement, Mr. Karlen relied on the educational instruction supported by necessary services as provided by ABC. AHO Karlen found and concluded the following:

> The Hearings Officer concludes that testimony of CEO of Private School provides sufficient evidence under the standards of *C.B. v. Garden Grove Unified School District,* and *Department of Education v. M.F.* to demonstrate that Private School has provided and can provide educational instruction specially designed to meet the unique needs of Student, supported by such services as are necessary to permit Student to benefit from instruction.

(Doc. 11, ROA pp. 177-222 at p. 40 of Decision).

Speech therapy services were provided to Derek as part of his specially designed program at ABC. (*See* Doc. 49, Initial Assessment and progress notes from Speech Solutions at Exhibit "C"). Speech Solutions bills ABC in advance on a monthly basis for providing these services to its students. (*See* Doc. 49, Wiech Decl. at ¶14, *See* Exhibit "D", the DOE never requested these invoices). Absences must be made up within the same calendar month. (*See* Doc 48, Wiech Decl. at ¶14. *See* Exhibit "E" [Speech Solutions policies at "Parent Responsibilities"]). This is not inconsistent with private placements; parents are not given tuition credit if their student is absent.). Derek was billed for speech pursuant to the billing practices and policies of Speech Solutions and make up sessions were provided. (*See* Doc 49, Exhs. "E" & "G."). If Derek missed a scheduled speech session that session was made up at a date within that month.  For example, Derek was scheduled to receive speech services on February 3, 2014 but was absent that day. The speech services were made up the next day on February 4, 2014. (*See* Doc 49, Wiech Decl. at ¶15). The billing date on the invoice did not change although the make-up service occurred on a different day.  While some absences were not made up, that did not result in a billing credit pursuant to the policies of Speech Solutions. (*See* Doc 49, Exhs. "F" & "G"). ABC representatives communicated with DOE District Education Specialist Jerry Yashiro, Esq. on several occasions regarding the outstanding charges and addressed the questions he had. (*See* Doc 49, Exhibit "H").

As was found and concluded by Ms. Alm in DOE-SY1011-111 and Mr. Karlen in DOE-SY1314-011, Parent obtained appropriate education when the DOE failed to

provide same. "Congress enacted IDEA in 1970 to ensure that all children with disabilities are provided a free appropriate public education which emphasizes special education and related services designed to meet their unique needs and to assure that the rights of such children and their parents or guardians are protected." *Forest Grove Sch. Dist. v. T.A.,* 557 U.S. 230, 129 S.Ct. 2484, 2491 174 L.Ed.2d 168 (2009) (citing *Sch. Comm. Of Burlington v. Dep't of Educ. Of Mass.*, 471 U.S. 359, 367, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)). The speech therapy costs sought by Plaintiffs are a necessary component of Derek's specially designed instruction. *C. B. v. Garden Grove Unified Sch. Dist.,* 635 F.3d 1155, 1159 (9th Cir. 2011).

## III.  CONCLUSION

In accordance with the foregoing, this Court, FINDS AND RECOMMENDS that Plaintiffs are entitled to reimbursement for outstanding speech therapy costs that were necessary components of Derek's education. The Court FINDS and RECOMMENDS that the District Judge AWARD Plaintiffs $7,689.14 for speech therapy services.

IT IS SO FOUND AND RECOMMENDED.

DATED:  AT HONOLULU, HAWAII,  December 8, 2015.



Kevin S.C. Chang
United States Magistrate Judge