IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                               )
In the Matter Of               )
                               )
DEREK H., by and through his   )
Mother, RITAKO H.,             )
                               )
          Plaintiffs,          )     Civ. No. 14-00143 ACK-KSC
                               )
     v.                        )
                               )
DEPARTMENT OF EDUCATION,        )
STATE OF HAWAII,               )
                               )
          Defendant.           )
_____ )

**ORDER ADOPTING PLAINTIFFS' [SIC] REVISED FINDINGS AND CONCLUSIONS REGARDING OUTSTANDING COSTS AND EXPENSES, AND DISMISSING AS MOOT PLAINTIFFS' ADMINISTRATIVE APPEAL**

The instant order ADOPTS Magistrate Judge Chang's December 8, 2015 findings and recommendations in this case, entitled Plaintiffs' [Sic] Revised Findings and Conclusions Regarding Outstanding Costs and Expenses ("F&R"), ECF No. 52, and DISMISSES this action with prejudice as moot.

The parties are already familiar with the history of this case; accordingly, only the relevant factual and procedural background is included in the Court's discussion below.

**DISCUSSION**

**I.    The Court Adopts the F&R**

First, Findings and Recommendations having been filed and served on all parties on December 8, 2015, and no objections having been filed by any party, IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section

1

636(b)(1)(C) and Local Rule 74.2, the F&R is adopted as the opinion and order of this Court.

Consistent with Magistrate Judge Chang's directions in the F&R, Plaintiffs are awarded $7,689.14 for speech therapy services provided to Plaintiff Derek H. ("Derek" or "Student") at ABC School during the operation of stay-put, pursuant to 20 U.S.C. § 1415(j).  F&R at 8, ECF No. 52.  Plaintiffs are denied the remaining $1,231.39 that they requested in taxi transportation costs, because the record does not establish that taxi services were necessary and/or appropriate.  Id. at 5.

## II.  The Court DISMISSES the Instant Action as Moot

Second, the Court concludes that, following its adoption of the F&R with respect to any outstanding amounts owed during Student's stay-put placement at ABC School, Plaintiffs' administrative appeal in this case is moot.  Accordingly, Plaintiffs' Complaint is DISMISSED with prejudice.

The Court begins by briefly reviewing the legal framework guiding its decision.  The "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA") allows a student to remain in his "then-current educational placement" during "the pendency of any proceedings conducted pursuant to this section," including mediation, administrative hearings, and judicial appeals regarding student placement offers.  20 U.S.C. § 1415(j).  In this case, ABC School has been Student's stay-put placement as a result of a May 7, 2012 administrative decision,

2

which had placed him at ABC School through extended school year
("ESY") 2013. Plaintiffs' due process request in this case was
filed on July 31, 2013, preserving ABC School as Student's "then-
current educational placement" during the administrative
proceeding below and the instant judicial appeal. See Compl. Ex.
A at 2-4, ECF No. 1-1.

Meanwhile, the "case or controversy" requirement of
Article III of the United States Constitution denies federal
courts the power to decide moot cases, in which they would be
asked to "decide questions that cannot affect the rights of
litigants in the case before them." Cammermeyer v. Perry, 97
F.3d 1235, 1237 (9th Cir. 1996) (citing Lewis v. Continental Bank
Corp., 494 U.S. 472, 477 (1990) (quotation omitted)). Instead,
federal courts may resolve only "real and substantial
controversies admitting of specific relief." Id. (citation and
alteration omitted); see also, e.g., Pub. Utils. Comm'n of Cal.
v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996) ("The Court must be
able to grant effective relief, or it lacks jurisdiction.").

Put differently, "the crucial question is whether
granting a present determination of the issues offered will have
some effect in the real world. When it becomes impossible for a
court to grant effective relief, a live controversy ceases to
exist, and the case becomes moot." Miller ex rel. S.M. v. Bd. of
Educ. of Albuquerque Public Schs., 565 F.3d 1232, 1250 (10th Cir.
2009) (citation and alterations omitted).

In this case, there is no continuing challenge to the

administrative finding below that Defendant Department of
Education, State of Hawaii ("DOE") denied Student a free
appropriate public education ("FAPE") under the IDEA.  Rather,
Plaintiffs have consistently requested relief in this case in the
form of an order reversing the administrative decision to deny
Plaintiffs any reimbursement for Student's 2013-2014 educational
expenses at ABC School on equitable grounds, *notwithstanding* this
denial of FAPE.  See Compl. at 4, ECF No. 1; Opening Br. at 35,
ECF No. 38; Reply Br. at 17, ECF No. 41.[1]

        The issue of mootness was not raised in this case prior
to the filing of Defendant's Answering Brief, wherein DOE argues
that Plaintiffs' administrative appeal is moot because stay-put
already obligates DOE to provide the same relief that Plaintiffs
request (namely, reimbursement for Student's 2013-2014 expenses
at ABC School).  See Answering Br. at 16-20, ECF No. 39.
Specifically, DOE contends that it "already funded Student's
placement at ABC" pursuant to stay-put, from the date on which
Plaintiffs initiated their due process complaint (July 31, 2013)
until Plaintiffs' relocation out-of-state (March 2015).  Thus,
DOE argues that the Court can "no longer grant any tuition
reimbursement or payment relief to Plaintiffs since they have

_____

        [1]Plaintiffs confirm that "*[a]t this stage, this case
involves a challenge to the denial of reimbursement . . .*
Plaintiffs seek a declaration of rights pursuant to the statute,
where the District Court can order the DOE to reimburse the
parents of a child who has been denied a FAPE for the cost of
private instruction."  Reply Br. at 5, ECF No. 41 (emphasis
added).

                                4

already obtained that relief by virtue of stay put."   Answering

Br. at 17-18, ECF No. 39.

Plaintiffs respond in their Reply Brief that

"reimbursement remains a live controversy," on the grounds that

DOE refused to pay all of Student's 2013-2014 taxi transportation

and speech services expenses.   Plaintiffs contend that this

ongoing dispute related to DOE's stay-put obligations means that

their appeal of the administrative decision below is not moot.

Reply Br. at 2-5, ECF No. 41.

In its Minute Order of July 21, 2015, the Court

directed the parties to "confer to determine whether these

matters may be resolved prior to the hearing" on Plaintiffs'

administrative appeal.   Absent agreement, the parties were

directed to brief their positions regarding DOE's obligation to

pay for Student's 2013-2014 taxi transportation and speech

services.   Minute Order, ECF No. 42.

The parties did not reach an agreement.   Upon receipt

of their briefs, ECF Nos. 43-44, the Court issued a subsequent

Minute Order of July 24, 2015, cancelling its hearing on

Plaintiffs' administrative appeal and referring the foregoing

dispute to Magistrate Judge Chang for the purpose of holding a

settlement conference or (failing settlement) issuing findings

and recommendations regarding the scope of DOE's stay-put

obligations.   Minute Order, ECF No. 45.

As indicated above, Magistrate Judge Chang issued the

F&R on December 8, 2015, ECF No. 52, in which he recommended that

DOE be required to pay for Student's outstanding speech therapy costs as part of his 2013-2014 placement at ABC School but not for Student's taxi transportation services.  No party objected.

Having adopted these recommendations, see Section I, *supra*, the Court agrees with DOE that the operation of stay-put has now mooted this case.  The IDEA's stay-put provision already obligated DOE to reimburse the costs of Student's placement at ABC School during the administrative proceeding below and the instant judicial appeal.  Those proceedings spanned the 2013-2014 school year, which is the same period for which Plaintiffs now request reimbursement as an equitable remedy for DOE's denial of FAPE.

The Court is therefore unable to grant Plaintiffs any further "effective relief" in the "real world."  Miller, 565 F.3d at 1250.  Even if it were to reverse the administrative decision below and award Student's 2013-2014 private educational costs as a remedy for DOE's denial of FAPE, those costs would be coextensive with the amounts already owed by DOE pursuant to stay-put (as further defined with respect to taxi transportation and speech therapy in the F&R).  The total scope of reimbursement due to Plaintiffs would remain unchanged.[2]

---

[2] Even if this Court were to reach the merits of Plaintiffs' appeal and rule in their favor, it would not be reasonable to award any additional reimbursement for Student's 2013-2014 taxi transportation, given Magistrate Judge Chang's finding that such services were not demonstrated to be a necessary or appropriate component of his placement at ABC School.  See F&R at 8, ECF No. 52.  No party objected to that finding.

This decision is consistent with those of other federal

courts, including this Court, that have found IDEA claims to be

mooted where the operation of stay-put secures for students the

same relief that they request as a remedy in litigation.  See

Dep't of Educ., Hawaii v. M.F. ex rel. R.F., Civ. No. 11-00047

JMS-BMK, 2013 WL 6893632 * 2, 8 (D. Haw. Dec. 31, 2013)("[A]ny

challenges regarding reimbursement or a compensatory award

starting from . . . when the stay put period began[] until the

present are MOOT, given the nature of stay put relief."); Termine

ex rel. Termine v. William S. Hart Union High Sch. Dist., 249

Fed. App'x 583, 588 (9th Cir. 2007) (affirming district court's

dismissal as moot of school district's appeal regarding "the

issue of financial responsibility" for nonpublic schooling during

prior year in which district admitted that nonpublic school was

"the appropriate stay put placement"); Thomas W. v. Hawaii, Dep't

of Educ., Civil No. 12-00289 JMS-KSC, 2012 WL 6651884 * 1, 3 (D.

Haw. Dec. 20, 2012) (remanding for clearer determination of

whether private school was student's stay-put placement during

2011-2012 school year, because such a finding would moot parent's

appeal for reimbursement of 2011-2012 school year tuition as a

remedy for denial of FAPE); Klein Indep. Sch. Dist. v. Hovem,

Civil Action No. H-09-137, 2010 WL 1068076 * 5-7 (S.D. Tex. Mar.

22, 2010) (dismissing as moot parents' appeal for reimbursement

of private school tuition costs as remedy for denial of FAPE,

where state educational agencies had already paid parents for

such costs pursuant to stay-put).

Consistent with these authorities, the Court concludes that Plaintiffs' administrative appeal in this case is MOOT.

**CONCLUSION**

For the reasons set forth above, the Court ADOPTS the F&R as the opinion and order of this Court.  In addition, the Court DISMISSES Plaintiffs' Complaint with prejudice as moot. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 29, 2015.

_____
Alan C. Kay
Sr. United States District Judge

**Derek H. ex rel. Ritako H. v. Dep't of Educ., State of Hawaii**, Civ. No. 14-00143 ACK-KSC, Order Adopting Plaintiffs' [Sic] Revised Findings and Conclusions Regarding Outstanding Costs and Expenses, and Dismissing as Moot Plaintiffs' Administrative Appeal.