IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEREK H., by and through his Mother, RITAKO H., | ) ) ) | CIVIL NO. 14-00143 ACK-KSC FINDINGS AND |
| Plaintiffs, | ) ) | RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | ) ) | PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | AND COSTS |
| Defendant. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFFS' MOTION FOR AN
<u>AWARD OF ATTORNEYS' FEES AND COSTS</u>

Before the Court is Plaintiffs' Motion for an
Award of Attorneys' Fees and Costs, filed January 12,
2016.  Plaintiffs filed a Statement of Consultation on
January 28, 2016.  Defendant filed its Opposition on
February 11, 2016.  Plaintiffs filed their Reply on
February 25, 2016.  Plaintiffs and Defendant filed
Court-requested briefing on April 12 and 26, 2016,
respectively.  After careful consideration of the
parties' submissions and the applicable law, the Court
HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED
IN PART AND DENIED IN PART for the reasons set forth

below.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts necessary to the disposition of the instant Motion.

On February 27, 2014, Senior Hearings Officer David Karlen issued a Findings of Fact, Conclusions of law, and Decision ("Administrative Decision"), wherein he concluded:

> For the reasons stated above, the Hearings Officer finds that: (1) Petitioners established that the DOE failed to properly assess Student in the areas of his seizures and his hearing prior to the November 13, 2012 IEP but that Petitioners have not established that this was a violation of the IDEA; (2) Petitioners failed to establish that the DOE predetermined placement; (3) Petitioners failed to establish that Parent was denied participation in the November 13, 2012 IEP meeting; (4) Petitioners established that the November 13, 2012 [IEP] denied Student FAPE but that Petitioners are not entitled to any relief; and (5) Petitioners failed to establish entitlement to ESY services.
>
> Under the rather unique circumstances of this case, Petitioners are deemed the

2

prevailing party to a limited extent.

Compl., Ex. A at 43.

On March 24, 2014, Plaintiffs commenced the instant action, challenging the Administrative Decision to the extent it concluded that Plaintiffs were not entitled to a remedy.  Compl. at ¶ 11.  Plaintiffs requested that the district court "reverse the Hearings Officer's Decision filed February 27, 2014 as to the Hearings Officer's denial of remedy sought by Plaintiffs and order that Plaintiffs are entitled to the remedy sought, placement of Derek at ABC School for the 2013-2014 and ESY 2014 and door to door transportation."  Id. at p. 4.

On April 23, 2014, Defendant filed an Answer and Counterclaim.  The Answer set forth a number of affirmative defenses.

On May 6, 2014, Plaintiffs filed a Motion to Dismiss Counterclaims and Strike Affirmative Defenses, seeking to dismiss the counterclaims as untimely and for failing to satisfy the pleading requirements articulated in Bell Atlantic Corp. V. Twombly, 50 U.S.

544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009),

and to strike Defendant's affirmative defenses.

        Senior U.S. District Judge Alan C. Kay issued

an Order Granting in Part and Denying in Part

Plaintiffs' Motion to Dismiss Counterclaims and Strike

Affirmative Defenses ("Order").  He concluded that

> DOE's counterclaim should not be dismissed
> as untimely.  However, the Court concludes
> that the DOE's counterclaims fail to
> satisfy the pleading requirements set
> forth in <u>Iqbal</u> and <u>Twombly</u>.  Accordingly,
> the DOE's counterclaims are dismissed
> without prejudice.  In addition, all of
> the DOE's affirmative defenses are
> stricken without prejudice.  Any
> amendments must be filed within thirty
> (30) days of the issuance of this Order.

Order, Doc. No. 32 at 29-30.

        On July 21, 2015, Judge Kay issued the

following Entering Order:

> Plaintiffs' appeal of the administrative
> decision in the instant case is set for a
> hearing on Monday, 7/27/2015.  Defendant
> Department of Education, State of Hawaii
> ("DOE") has asserted in its Answering
> Brief that this matter is moot, because
> DOE has paid Plaintiffs for all
> appropriate expenses during the stay-put
> period.  Plaintiffs have countered in
> their Reply Brief that the case is not
> moot, since DOE has failed to pay

approximately $1,000 for transportation costs and approximately $7,000 for speech therapy.  The order of AHO Alm in DOE-SY1011-111, which placed Student at ABC School, specifically required DOE to pay for transportation; it would therefore appear that any outstanding transportation costs should be paid by DOE.  AHO Alm's order is not precisely clear regarding whether speech therapy was required.  DOE has not had an opportunity to respond to these alleged unpaid expenses, which were raised for the first time in Plaintiffs' Reply Brief.  Accordingly, the Court DIRECTS the parties to confer to determine whether these matters may be resolved prior to the hearing of 7/27/2015.  If not, the Court DIRECTS the parties to file memoranda representing their positions regarding the foregoing.  These memoranda must be filed by 12:00 noon this Friday, 7/24/2015 and should not exceed five (5) pages.

Doc. No. 42.

On July 24, 2015, following the submission of the parties' briefs, Judge Kay issued the following Entering Order:

The Court has reviewed the supplemental briefs submitted by the parties on 7/24/2015 and has decided that this matter should be resolved through a meeting of the parties with Magistrate Judge Chang. The hearing before this Court scheduled for 7/27/2015 is CANCELLED, and the parties are DIRECTED to schedule a meeting with Magistrate Judge Chang forthwith.

> The instant matter is referred to
> Magistrate Judge Chang for purposes of
> holding a settlement conference.  Failing
> settlement, the Court requests findings
> and recommendations from Magistrate Judge
> Chang.  IT IS SO ORDERED.

Doc. No. 45.  The parties submitted proposed findings

and recommendations on August 13, 2015.

On October 5, 2015, this Court issued an

Entering Order adopting Plaintiffs' proposed findings

and recommendations with respect to the $7,689.14 in

reimbursement for Derek's speech therapy expenses.

Doc. No. 50.  The Court rejected the proposed findings

and recommendation concerning the $1,231.39 in

reimbursement for taxi transportation because the

record failed to establish that such services were

necessary and/or appropriate.  Id.  The Court directed

Plaintiffs' counsel to prepare revised proposed

findings and recommendations consistent with the

Entering Order.

On December 8, 2015, the Court issued

Plaintiffs' Revised Findings and Conclusions Regarding

Outstanding Costs and Expenses ("F&R").  Doc. No. 52.

On December 29, 2015, Judge Kay issued an Order Adopting Plaintiffs' [Sic] Revised Findings and Conclusions Regarding Outstanding Costs and Expenses, and Dismissing as Moot Plaintiffs' Administrative Appeal.  Doc. No. 53.  Judge Kay determined that his adoption of the F&R and the operation of stay put mooted this action.  <u>Id.</u> at 6.  Judge Kay explained that

> [t]he IDEA's stay-put provision already obligated DOE to reimburse the cost of Student's placement at ABC School during the administrative proceeding below and the instant judicial appeal.  Those proceedings spanned the 2013-2014 school year, which is the same period for which Plaintiffs now request reimbursement as an equitable remedy for DOE's denial of FAPE.
>
> The Court is therefore unable to grant Plaintiffs any further "effective relief" in the "real world." <u>Miller</u>, 56 F.3d at 1250.  Even if it were to reverse the administrative decision below and award Student's 2013-2014 private educational costs as a remedy for DOE's denial of FAPE, those costs would be coextensive with the amounts already owed by DOE pursuant to stay-put (as further defined with respect to taxi transportation and speech therapy in the F&R).  The total scope of reimbursement due to Plaintiffs would remain unchanged.

Id.

On January 12, 2016, Plaintiffs filed the
instant Motion.

DISCUSSION

A.   Entitlement to Attorneys' Fees

Plaintiffs seek an award of $67,847.63 in
attorneys' fees and costs incurred in this action and
the administrative proceedings, plus $5,120.59 for the
time and costs expended on the fee issue.[1]

Section 1415 of Title 20 of the U.S. Code
provides:  "In any action or proceeding brought under
this section, the court, in its discretion, may award
reasonable attorneys' fees as part of the costs . . .
to a prevailing party who is the parent of a child with
a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  In
the context of the Individuals with Disabilities
Education Act ("IDEA"), the Ninth Circuit has adopted

---

[1]   In their Supplemental Memorandum, Plaintiffs
proffered that if they are conferred with limited
prevailing party status as to the administrative
proceedings, an $8,000.00 reduction would be manifestly
reasonable.  Pls.' Supp. Mem. at 8.

the definition of "prevailing party" articulated by the
Supreme Court in <u>Buckhannon Board & Care Home, Inc. v.
West Virginia Department of Health & Human Resources</u>,
532 U.S. 598 (2001).  <u>Shapiro ex rel. Shapiro v.
Paradise Valley Unified</u>, 374 F.3d 857, 865 (9th Cir.
2004) ("We therefore conclude that *Buckhannon*'s
definition of 'prevailing party' applies to the
IDEA's attorney's fees provision, 20 U.S.C.
§ 1415(i)(3)(B).").  After the <u>Buckhannon</u> decision, to
be considered a prevailing party "a plaintiff must not
only achieve some material alteration of the legal
relationship of the parties, but that change must also
be judicially sanctioned."  <u>Id.</u> (quoting <u>Roberson v.
Giuliani</u>, 346 F.3d 75, 79 (2d Cir. 2003)) (internal
quotation marks omitted); <u>P.N. v. Seattle Sch. Dist.
No. 1</u>, 474 F.3d 1165, 1173 (9th Cir. 2007) ("[A]lthough
there may remain some uncertainty as to what might
constitute a 'judicial imprimatur,' the existence of
some judicial sanction is a prerequisite in this
circuit for a determination that a [party] is a
'prevailing party' and entitled to an award of

9

attorneys' fees as part of costs under the IDEA."). "A prevailing party is one who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (alteration in original) (citation omitted). Success cannot be purely technical or de minimis and "[t]here must be a causal link between the litigation brought and the outcome gained." Parents of Student W. V. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (citations omitted).

Plaintiffs submit that they are the prevailing party because they achieved success at both the administrative level and in this action. With respect to the administrative proceedings, Plaintiffs assert that they established a denial of FAPE. In these proceedings, Plaintiffs claim that they 1) defeated Defendant's challenge to the denial of FAPE as set forth in the Answer; 2) successfully dismissed Defendant's counterclaims and affirmative defenses; and 3) obtained the further remedy of reimbursement.

10

Plaintiffs submit that there was a judicially sanctioned material change in the legal relationship between the parties because Defendant was required to pay tuition reimbursement and for speech therapy, not merely as stay put.

Defendant concedes that Plaintiffs arguably satisfy the prevailing party criterion for fee eligibility, but contests Plaintiffs' entitlement to the requested fee award.  Defendant emphasizes that due to Plaintiffs' limited degree of success, they are not entitled to any fees, but if they are awarded fees, the amount should be significantly reduced.

The Court agrees that Plaintiffs have attained prevailing party status, but their success has been limited.  With respect to the administrative proceedings, Hearings Officer Karlen deemed Plaintiffs the "prevailing party to a limited extent."  Compl., Ex. A at 43.  Even though Hearings Officer Karlen determined that the November 13, 2012 IEP denied Derek FAPE, he concluded that Plaintiffs were not entitled to relief.

In these proceedings, Plaintiffs have not prevailed.  Plaintiffs tout success based on Judge Kay's Order, but the dismissal without prejudice of Defendant's counterclaims and striking of its affirmative defenses without prejudice did not confer prevailing party status upon Plaintiffs, as these rulings did not cause a material alteration of the legal relationship between the parties.  Significantly, Judge Kay's Order did not grant relief on any of Plaintiffs' claims, nor adjudicate the substance of Defendant's counterclaims and defenses.

Plaintiffs additionally posit that they prevailed because they obtained reimbursement for speech therapy, and the reimbursement was not only as stay put relief.  Plaintiffs believe that Judge Kay's order concerning reimbursement legally obligated Defendant to reimburse them.  This Court recommended that Plaintiffs be reimbursed $7,689.14 for speech therapy expenses incurred during the stay put period that Defendant had not paid.  However, this appeal did not result in the reversal of Administrative Order's

12

denial of relief.

During the course of this appeal, the parties have disputed the existence of a live controversy, with Defendant arguing that the action is moot because Plaintiffs already received the requested relief (reimbursement/payment) by virtue of stay put, and Plaintiffs countering that a live controversy remains because Defendant refused to pay all of Derek's 2013-14 taxi transportation and speech services expenses.

Judge Kay ultimately concluded that the operation of stay put mooted this action because Defendant was already obligated to reimburse Derek's placement costs at ABC School during the administrative proceeding and this appeal.  Doc. No. 53 at 6.  He further explained that Derek's private educational costs from 2013-14, including speech therapy and taxi transportation, were coextensive with the amounts already owed by Defendant pursuant to stay put.  It is therefore unclear how Plaintiffs have prevailed in this appeal.  Contrary to Plaintiffs' assertions, there cannot exist a change in the legal relationship between

13

the parties when the order concerning reimbursement simply required Defendant to do something it was already obligated to do pursuant to stay put.

Plaintiffs rely on a case from this district to support their contention that they prevailed.  Corey M. v. Dept. of Educ., Civil No. 09-00039 SOM-LEK.  Corey M is distinguishable.  There, the defendant erroneously and inadvertently paid for the student's tuition at Redemption Academy for the entire 2008-09 school year (versus monthly increments).  Pls.' Supp. Br., Ex. 1 at 3.  At the administrative hearing, the defendant committed to paying for transportation and related services for the remainder of the school year because those services corresponded to the student's attendance at Redemption Academy.  Id. at 8.  The court concluded that the continuing payments for the student's transportation and related services constituted a material change in the parties' relationship that was brought about by the plaintiffs' action and that the hearings officer's order granting a motion to dismiss constituted a judicial sanction of the change.  Id. at

14

9.

Here, the reimbursement for speech therapy pertains to previously incurred costs associated with stay put placement.  Defendant was not required to do anything more than it was already obligated to do. Thus, the reimbursement was merely confirmed as a stay put obligation.

In any event, given Plaintiffs' limited success at the administrative level, they are the prevailing party for the purpose of attorneys' fees.

B.   Calculation of Attorneys' Fees

Plaintiffs request the following attorneys' fees:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Susan Dorsey | 318.9 | $200.00 | $63,780.00 |
| Bruce Ellis | 1.5 | $85.00 | $127.50 |
| Tax (4.712%) | | | $3,011.32 |
| **TOTALS** | 320.4 | | $66,918.82 |

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar"

15

calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  <u>Hensley</u>, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in <u>Kerr</u> are as follows:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case,

16

> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

1. Hourly Rate

Plaintiffs request an hourly rate of $200.00 for Susan Dorsey and $85.00 for Bruce Ellis.  In

17

determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Based on its knowledge of the rates awarded in this district and the information provided by counsel, the Court finds that the requested hourly rates are manifestly reasonable.

  2.  Hours Reasonably Expended

    Beyond establishing a reasonable hourly rate, a

18

prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  Courts must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Defendant argues that any time expended following the issuance of the Administrative Decision should be excluded because it was unreasonable.

19

Defendant therefore suggests that the Court's inquiry focus on the $27,820.00 billed in connection with the administrative proceedings, with further reductions being made with respect to those fees.

The Court agrees that the fees incurred in the present appeal should not be included in the fee award, with the exception of some of the fees associated with the litigation of this Motion.  After carefully reviewing the time sheets submitted by Plaintiffs, the Court finds that reductions should be made for time expended on clerical tasks.  Ms. Dorsey's time entries on 8/5/13, 8/23/13, 8/30/13, 9/4/13, 9/23/13, 10/30/13, 10/31/13, 11/14/13, 11/19/13, 1/2/14, and 1/13/13 reflect billing for clerical/ ministerial work.[2]  Such

---

[2]  The following is a list of tasks previously deemed clerical or ministerial in this district and are therefore deemed non-compensable:

> reviewing Court-generated notices;
> scheduling dates and deadlines;
> calendering dates and deadlines; notifying
> a client of dates and deadlines; preparing
> documents for filing with the Court;
> filing documents with the Court; informing
> a client that a document has been filed;
> personally delivering documents; bates

20

tasks are non-compensable.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).

Ms. Dorsey expended 3.3 hours on clerical tasks.  Therefore, 3.3 hours should be excluded from Plaintiffs' fee award.  This reduction leaves **134.8** compensable hours from the administrative proceedings.

---

stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010); see also, e.g., Yamada v. Weaver, Civil No. 10-0497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

As for the time incurred in connection with this Motion, the Court finds that **17.9** hours were reasonably expended.  The Court's inquiry does not end here, however.

  3.  <u>Reduction for Partial Success</u>

Now that the Court has assessed the reasonableness of the time entries submitted by counsel, it is necessary to determine whether reductions should be imposed for partial success. Plaintiffs maintain that because they obtained what they originally sought in filing for due process - finding of a denial of FAPE, entitlement to reimbursement, a finding that ABC is an appropriate placement, and recognition that a bilateral placement exists warranting an entitlement to reimbursement for tuition and related services - a reduction of $8,000.00 from the total requested fee award, at most, would be reasonable.

A plaintiff's degree of success should be considered in awarding fees in IDEA cases.  <u>Aquirre v. Los Angeles Unified Sch. Dist.</u>, 461 F.3d 1114, 1119

(9th Cir. 2006).  However, there is no precise rule or
formula for making determinations about fee awards
based on varying degrees of success.  Id. at 1121 (9th
Cir. 2006) (quoting Hensley, 461 U.S. at 436).  "The
district court may attempt to identify specific hours
that should be eliminated, or it may simply reduce the
award to account for the limited success.  The court
necessarily has discretion in making this equitable
judgment."  Id. (quoting Hensley, 461 U.S. at 436-37).

> [T]he extent of a plaintiff's success is a
> crucial factor in determining the proper
> amount of an award of attorney's fees
> under [the IDEA].[3]  Where the plaintiff has
> failed to prevail on a claim that is
> distinct in all respects from his
> successful claims, the hours spent on the
> unsuccessful claim should be excluded in
> considering the amount of a reasonable
> fee.  Where a lawsuit consists of related
> claims, a plaintiff who has won
> substantial relief should not have his
> attorney's fee reduced simply because the
> district court did not adopt each
> contention raised.  But where the
> plaintiff achieved only limited success,
> the district court should award only that

---

[3]  Aquirre, 461 at 1121 (holding that attorneys'
fees awarded under 20 U.S.C. § 1415 are governed by the
standards set forth in Hensley and its progeny).

> amount of fees that is reasonable in
> relation to the results obtained.

Hensley, 461 U.S. at 440.  Where, as here, Plaintiffs'
claims for relief involve a common core of facts and
are based on related legal theories, the court "should
focus on the significance of the overall relief
obtained by [Plaintiffs] in relation to the hours
reasonably expended on the litigation."  Id. at 435.

Here, exercising its discretion, the Court
concludes that Plaintiffs' fee award from the
administrative proceedings should be reduced by 30%, in
addition to the abovementioned reductions.  Although
Plaintiffs are the "prevailing party," they only
prevailed to a limited extent, as noted by Hearings
Officer Karlan.  Plaintiffs obtained a ruling that the
November 13, 2012 IEP denied Derek FAPE, but Hearings
Officer Karlan nevertheless concluded that they were
not entitled to any relief.  Consequently, Plaintiffs
did not achieve a level of success that would warrant
full reimbursement of the fees incurred at the
administrative level.

24

Considering that the claims in this case involve a common core of facts and related legal theories, and given the rulings highlighted above, the Court finds that the 30% reduction is appropriate.[4]  The Court has focused on the significance of the overall relief obtained by Plaintiffs in relation to the hours expended in this litigation and the administrative proceedings.  Notwithstanding the determination that Derek was denied FAPE, he did not receive relief, other than a determination by this Court that Defendant must reimburse him for speech therapy costs already owed pursuant to stay put.  Consequently, the Court recommends that the hours reasonably expended in the administrative proceedings (134.8 hours) be reduced by 30%, which results in **94.36** compensable hours.

Based on the aforementioned discussion, the Court finds that Plaintiffs are entitled to the

---

[4]   The Court would prefer to reduce hours on a time entry-by-time entry basis.  However, it is impossible to do so in this case because the time entries are not specific enough to allow for apportionment of the unsuccessful claims versus the successful claim.

following fee award:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Susan Dorsey | 112.26 | $200.00 | $22,452.00 |
| Bruce Ellis | 0 | $85.00 | $0.00 |
| Tax (4.712%) | | | $1,057.94 |
| **TOTALS** | 112.26 | | **$23,509.94** |

C.  Costs

Plaintiffs request $1,177.68 in costs[5] - $127.50 in paralegal fees; $288.15 in copying costs; $76.50 in messenger costs; $7.60 in facsimile charges; $227.47 in outside copying costs; $400.00 in filing fees; $26.18 in process server fees; and $4.14 in postage.  Defendant did not challenge the requested costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "costs--other than attorney's fees--should be allowed to the prevailing

---

[5]  This also includes general excise tax on certain costs.  The Court's itemization of the requested costs does not include tax.

party."  Fed. R. Civ. P. 54(d)(1); <u>See</u> <u>also</u> 20 U.S.C.

§ 1415(i)(3)(B)(i)(I) (allowing attorneys' fees as part

of the costs to a prevailing party who is the parent of

a child with a disability).  There is a strong

presumption in favor of awarding costs to the

prevailing party.  <u>Miles v. California</u>, 320 F.3d 986,

988 (9th Cir. 2003) (citation omitted).  "To overcome

this presumption, a losing party must establish a

reason to deny costs."  <u>Dawson v. City of Seattle</u>, 435

F.3d 1054, 1070 (9th Cir. 2006) (citation omitted).

    1.  <u>Taxable Costs</u>

        "The general costs statute, 28 U.S.C. § 1920,

defines the term 'costs' as used in Rule 54(d)."

<u>Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.</u>,

741 F.3d 955, 957 (9th Cir. 2013); <u>Crawford Fitting Co.</u>

<u>v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441–42 (1987).

Section 1920 enumerates the following costs:

        (1) Fees of the clerk and marshal;

        (2) Fees for printed or electronically
        recorded transcripts necessarily obtained
        for use in the case;

        (3) Fees and disbursements for printing

27

and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

If a district court declines to award costs, it must specify its reasons for doing so. Ass'n of Mexican-American Educators, 231 F.3d at 591. On the other hand, a "district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

The Court evaluates each category of requested taxable costs in turn.

a.   Filing/Service Fees

Plaintiffs request $400.00 in filing fees and $26.18 in process server fees.  Section 1920(1) allows for the taxation of the fees of the clerk and marshal. Indeed, "[f]iling fees are properly recoverable by a prevailing party under § 1920(1)."  World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1288 (D. Haw. 2008); see also Local Rule 54.2(f)(1) ("Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."). Accordingly, the Court awards Plaintiffs **$426.18** for filing and service fees.

b.   Copying Costs

Plaintiffs request $288.15 in copying costs and $227.47 in outside copying costs.  Section 1920(4) provides for the taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Local Rule 54.2(f)(4) sets forth specific requirements that must be met:

29

> <u>The cost of copies necessarily obtained</u>
> <u>for use in the case is taxable provided</u>
> <u>the party seeking recovery submits an</u>
> <u>affidavit describing the documents copied,</u>
> <u>the number of pages copied, the cost per</u>
> <u>page, and the use of or intended purpose</u>
> <u>for the items copied.</u>  The practice of
> this court is to allow taxation of copies
> at $.15 per page or the actual cost
> charged by commercial copiers, provided
> such charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)(4) (emphasis added).  Ms. Dorsey's declaration does not sufficiently describe the need for the copies.  Plaintiffs have provided a number of invoices from Professional Image and have provided the per page cost for internal copying.  Without information concerning the necessity and/or use of the copies, however, the Court cannot ascertain whether the costs were reasonably incurred.  The Court therefore recommends that the requested copying costs be denied without prejudice.  Plaintiffs are granted leave to submit documentation that conforms with Local Rule 54.2(f)(4) by June 7, 2016.  The Court will thereafter reevaluate the request.

2.   <u>Non-Taxable Costs</u>

Plaintiffs' remaining requested costs are non-taxable costs.  The Court finds that the $51.00 in messenger charges, $7.60 in facsimile charges, and $4.14 in postage were reasonably incurred.  <u>Nicholas M. v. Dept. of Educ.</u>, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *7 (D. Haw. Jan. 21, 2010).  The Court declines to award the requested paralegal fees because the Court already excluded the hours expended by Mr. Ellis with respect to its assessment of the fee request.  The Court thus recommends that Plaintiffs be awarded **$65.70**.[6]

In sum, the Court recommends that the district court award Plaintiffs **$491.88** in costs.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for an

---

[6]   This figure includes tax.

31

Award of Attorneys' Fees and Costs, filed January 12, 2016, be GRANTED IN PART AND DENIED IN PART, and that Plaintiffs be awarded **$23,509.94** in fees and tax, and **$491.88** in costs and tax.  If Plaintiffs elect to pursue the reimbursement of copying costs, they must submit supplemental documentation by June 7, 2016.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, May 31, 2016.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civil No. 14-00143 ACK-KSC; <u>Derek H. v. Dept. of Educ.</u>; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS