IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                        )
DEREK H., by and through his            )
Mother, RITAKO H.,                      )
                                        )
                Plaintiffs,             )
                                        )
v.                                      ) Civ. No. 14-00143 ACK-KSC
                                        )
DEPARTMENT OF EDUCATION, STATE OF       )
HAWAII,                                 )
                                        )
                Defendant.              )
_____)

**ORDER ADOPTING IN PART, REJECTING IN PART, AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

For the reasons set forth below, the Court ADOPTS in part, REJECTS in part, and MODIFIES in part the Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, issued by Magistrate Judge Chang on May 31, 2016.  ECF No. 62.

**BACKGROUND**

The Court and the parties are familiar with the extensive factual and procedural history of this case, and the Court will not repeat it here except as necessary.

This case comes before the Court on appeal of the administrative decision in the due process case of Derek H. ("Student"), by and through his mother Ritako H. ("Parent," and collectively with Student, "Plaintiffs"), against Defendant

- 1 -

Department of Education, State of Hawaii ("DOE").  See Findings
of Fact, Conclusions of Law, and Decision ("Decision"), Ex. A to
Compl., ECF No. 1-1.

On July 31, 2013, Parent filed a request for impartial
hearing on behalf of Plaintiffs with the State of Hawaii Office
of Administrative Hearings.  Id. at 2.  The request challenged
certain actions of DOE in connection with the preparation of a
November 13, 2012 Individualized Education Plan ("IEP") for
Student.  Id. at 16.  It also challenged the substantive and
procedural fairness of the IEP itself.  Id. at 16-17.  The case
was assigned Administrative Case No. DOE-SY1314-011 and a due
process hearing was held before Administrative Hearings Officer
("AHO") David Karlen on November 12-14, 2013.  Id. at 2-3.

Importantly, Parent's filing of the hearing request
invoked the "stay-put" provisions of the Individuals with
Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.,
requiring DOE to fund Student's then-current educational
placement during the pendency of the proceedings.  See 20 U.S.C.
§ 1415(j).  Pursuant to an earlier administrative decision dated
May 7, 2012 (the "May 2012 Decision"), Student's then-current
educational placement was private school Autism Behavior
Consulting Group, Inc. ("ABC School").  ECF No. 12 at 153.  The
May 2012 Decision concluded that Student was eligible to receive
compensation for his attendance at ABC School beginning in

- 2 -

extended school year ("ESY") 2012, and continuing through the
2012-2013 school year to ESY 2013.  Id. at 155.  Such
compensation "include[d] Student's education and related
expenses, including lunch and daily transportation to and from
[ABC School]."  Id.

AHO Karlen issued his Decision in DOE-SY1314-011 on
February 27, 2014, concluding:

> (1) Petitioners established that the DOE
> failed to properly assess Student in the
> areas of his seizures and his hearing prior
> to the November 13, 2012 IEP but that
> Petitioners have not established that this
> was a violation of the IDEA; (2) Petitioners
> failed to establish that the DOE
> predetermined placement; (3) Petitioners
> failed to establish that Parent was denied
> participation in the November 13, 2012 IEP
> meeting; (4) Petitioners established that
> the November 13, 2012 [IEP] denied Student
> FAPE but that Petitioners are not entitled
> to any relief; and (5) Petitioners failed to
> establish entitlement to ESY services.
>
> Under the rather unique circumstances of
> this case, Petitioners are deemed the
> prevailing party to a limited extent.

Decision at 43.

Plaintiffs initiated an appeal of the Decision by
filing a Complaint against DOE in this Court on March 24, 2014.
ECF No. 1.  Specifically, the Complaint indicates that
Plaintiffs "seek the review and reversal of the Decision limited

to the issue of remedy,"[1] which AHO Karlen had denied to
Plaintiffs despite finding that DOE denied Student a free
appropriate public education ("FAPE").  Compl. ¶ 10.

DOE filed an Answer to Complaint and Counterclaim on
April 23, 2014.  ECF No. 9.  On May 6, 2014, Plaintiffs filed a
Motion to Dismiss Counterclaims and Strike Affirmative Defenses,
arguing that DOE's counterclaims and defenses were both untimely
filed and deficiently pleaded under Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).
ECF No. 21.  On September 2, 2014, the Court issued an Order
Granting in Part and Denying in Part Plaintiffs' Motion to
Dismiss Counterclaims and Strike Affirmative Defenses
("Dismissal Order").  ECF No. 32.  The Court dismissed DOE's
counterclaims without prejudice and struck all of DOE's
affirmative defenses without prejudice.  Id. at 29.  The Court
instructed that "[a]ny amendments must be filed within thirty

---

[1] The relief requested in the Complaint and the petition in DOE-
SY1314-011 consists of "placement of Derek at ABC School for the
2013-2014 [school year] and ESY 2014 and door to door
transportation," plus "implementation of ESY services on the
first day that school is not in session."  Compl. at 4; see also
Decision at 17 (noting that the due process petition requested
that AHO Karlen "[d]etermine that Private School is an
appropriate program and placement for Student and require DOE
payment for Student's placement at Private School for the 2013-
2014 school year and for ESY 2014, along with door to door
transportation," plus "ESY services beginning on the first day
that school is not in session").

(30) days of the issuance of this Order," id. at 29-30, but DOE never filed an amended document.

On July 21, 2015, the Court instructed the parties to confer with one another regarding certain outstanding transportation and speech therapy payments Plaintiffs alleged that DOE owed.  ECF No. 42.  In the event the parties could not resolve such matters, the Court called for further briefing from the parties representing their positions with regards to the payments.  Id.  Following the submission of further briefing the parties later submitted, the Court issued a Minute Order on July 24, 2015 referring the matter to Magistrate Judge Chang for purposes of settlement; failing settlement, the Court requested findings and recommendations from Magistrate Judge Chang regarding the same.  ECF No. 45.

On December 8, 2015, the Magistrate Judge issued as his findings and recommendations Plaintiffs' Revised Findings and Conclusions Regarding Outstanding Costs and Expenses ("Speech Therapy F&R"), adopting Plaintiffs' proposed findings and recommendations with respect to $7,689.14 in reimbursement for Student's speech therapy expenses.  ECF No. 52.  However, the court declined to award Plaintiffs their requested $1,231.39 in reimbursement for transportation costs, as the record failed to establish that such services were necessary or appropriate. Id.

On December 29, 2015, this Court issued an Order
Adopting Plaintiffs' [Sic] Revised Findings and Conclusions
Regarding Outstanding Costs and Expenses, and Dismissing as Moot
Plaintiffs' Administrative Appeal ("Order").  ECF No. 53.  The
Court concluded that its adoption of the Magistrate Judge's
findings and recommendations and the operation of stay-put
mooted this action.  Id. at 6.  The Court explained that IDEA's
stay-put provision already obligated DOE to reimburse the costs
of Student's placement at ABC School during the administrative
proceeding below and the instant judicial appeal.  Id.  Because
those proceedings spanned the 2013-2014 school year – the same
period for which Plaintiffs sought reimbursement as an equitable
remedy for DOE's denial of FAPE – the Court found it was unable
to grant Plaintiffs any further "effective relief" in the "real
world."  Id. (citing Miller ex rel. S.M. v. Bd. of Educ. of
Albuquerque Pub. Sch., 565 F.3d 1232, 1250 (10th Cir. 2009)).

On January 12, 2016, Plaintiffs filed a Motion for an
Award of Attorneys' Fees and Costs ("Motion for Attorneys'
Fees"), requesting $67,847.63 in attorneys' fees and $1,062.32
in costs.  ECF No. 55.  Plaintiffs also filed a Statement of
Consultation in connection with their Motion for Attorneys' Fees
on January 28, 2016.  ECF No. 56.  On February 11, 2016, DOE
filed a Memorandum in Opposition to Plaintiffs' Motion for
Attorneys' Fees.  ECF No. 57.  Plaintiffs filed a Reply

Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees ("Reply") on February 25, 2016.  ECF No. 58.  In their Reply, Plaintiffs requested an additional $5,120.59 for time spent litigating the fee request.  Id. at 15.

On May 31, 2016, Magistrate Judge Chang issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for an Award of Attorneys' Fees and Costs ("F&R").  The F&R recommends that the Court award Plaintiffs $23,509.94 in attorneys' fees and $491.88 in costs.  Id. at 32. Plaintiffs filed their Objections to Magistrate Judge's F&R ("Objections") on June 14, 2016.  ECF No. 63.  On June 28, 2016, DOE filed a Response to Plaintiffs' Objections ("Response"). ECF No. 64.

## STANDARD

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); United States v. Rivera-Guerrero, 377 F.3d 1064, 1070 (9th Cir. 2004); L.R. 74.2.  Under a de novo standard of review, the court "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been

- 7 -

rendered." <u>Freeman v. DirecTV, Inc.</u>, 457 F.3d 1001, 1004 (9th Cir. 2006).

"[The] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1208 (9th Cir. 2012) (citation omitted).  It may also consider the record developed before the magistrate judge.  L.R. 74.2.  The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made.  <u>United States v. Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989); <u>Benihana of Tokyo, LLC v. Angelo, Gordon & Co.</u>, Civ. No. 15-00028 ACK-RLP, 2015 WL 5439357, at *2 (D. Haw. Sept. 14, 2015); <u>see also United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise) (emphasis in original).  The court reviews for clear error those portions of the recommendation to which there is no objection.  <u>Abordo v. State of Haw.</u>, 938 F. Supp. 656, 658 (D. Haw. 1996) (citing <u>Campbell v. U.S. District Court</u>, 501 F.2d 196, 206 (9th Cir. 1974)).

Objections to a magistrate judge's recommendation are usually treated as non-hearing motions to be decided on the

submissions.  L.R. 7.2(e).  The Court finds that a hearing in

this matter is neither necessary nor appropriate. See id.

**DISCUSSION**

In reducing the amount Plaintiffs requested for

attorneys' fees and costs, the Magistrate Judge found that fees

incurred during the present appeal to the United States District

Court should be excluded from the award, with the exception of

some of the fees accrued in connection with Plaintiffs' Motion

for Attorneys' Fees.  F&R at 20.  For hours spent on the

administrative proceedings, the court made several deductions

from the requested fees for time spent on clerical tasks.  Id.

The Magistrate Judge also made an additional 30% reduction to

the fee award for time spent on the administrative proceedings,

due to the fact that Plaintiffs achieved only partial success in

those proceedings.  Id. at 24.  Finally, the Magistrate Judge

denied Plaintiffs' requested copying costs because Plaintiffs

failed to sufficiently describe the need for the copies;

however, the Magistrate Judge granted Plaintiffs leave to submit

the appropriate documentation supporting such costs by June 7,

2016.  Id. at 30.

Plaintiffs state that their Objections are "based on

the fact that the [F&R] recommend[ed] that the Court deny

Plaintiff prevailing party status for proceedings before the

United States District Court (USDC), wholesale deny any award of

attorney's fees for the proceedings before the USDC and reduce the attorney's fees for the proceedings before the Administrative Hearings Officer David Karlen." Objections at 2. Plaintiffs argue that in addition to finding Plaintiffs to be prevailing parties in the instant proceedings, the Court should also "award Plaintiffs their reasonable attorneys' fees and costs as requested pursuant to the briefing in this matter (as reduced by $8,000.00 by Plaintiffs and absent the supplemental briefing as required by the Magistrate Judge) for a total amount of fees and costs of $64,968.22."[2] Id. at 14. Plaintiffs therefore appear to request the entire award they initially sought in their Motion for Attorneys' Fees without specifically

---

[2] To the extent Plaintiffs incorporate their prior Motion for Attorneys' Fees and memoranda into their Objections, Plaintiffs are in error. See Objections at 13-14. It is a violation of the Federal Rules of Civil Procedure for Plaintiffs to attempt to so incorporate by reference their previous filings. Under Federal Rule of Civil Procedure 10(c), parties may incorporate by reference only pleadings or exhibits to pleadings. See Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (holding that, under Rules 7(b)(2) and 10(c), "the incorporation of substantive material by reference is not sanctioned by the federal rules . . . ."); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (stating that Rule 10(c) applies to "pleadings" and not "motions"). A pleading is a complaint, an answer, or a court-allowed reply to an answer — not a motion or other paper. Fed. R. Civ. P. 7. There is no authority for Plaintiffs' attempt to incorporate prior briefing instead of articulating and supporting with evidence their arguments in the instant Objections. See Roth v. Meridian Fin. Network, Inc., No. 07-00045, 2008 WL 3850478, at *2 (D. Haw. Aug. 19, 2008).

objecting to each basis on which the Magistrate Judge reduced the award.[3]

Local Rule 74.2 states that a party objecting to an F&R must "specifically identify the portions of the order, findings, or recommendation to which objection is made and the basis for such objections." See also Seto v. Kamai'Aina Care, Inc., Civ. No. 10-00351 SOM-BMK, 2011 WL 6779776, at *1 (D. Haw. Dec. 27, 2011) (overruling objection that failed to specify what was being objected to and the basis of the objection).  The Court will not, therefore, review de novo those portions of the F&R to which Plaintiffs have not specifically objected, and will instead review those portions for clear error.  See Reyna-Tapia, 328 F.3d at 1121; Abordo, 938 F. Supp. at 658.

## I.   Entitlement to Attorneys' Fees and Costs

In a case arising under IDEA, a court, in its discretion, "may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  In order to attain prevailing party status, "a plaintiff must not only achieve some material alteration of the legal relationship of

---

[3] Plaintiffs requested in their Motion for Attorneys' Fees and Reply a total of $72,968.22 ($67,847.63 for attorneys' fees and costs plus an additional $5,120.59 for work on the Motion for Attorneys' Fees).  In a Supplemental Memorandum Pursuant to Court Order, Plaintiffs voluntarily reduced their request by $8,000, for a revised request of $64,968.22.  ECF No. 60 at 10.

the parties, but that change must also be judicially
sanctioned." Shapiro ex rel. Shapiro v. Paradise Valley Unified
Sch. Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004) (internal
quotation marks omitted). "A prevailing party is one who
succeeds on any significant issue in litigation which achieves
some of the benefit the parties sought in bringing the suit."
Van Duyn ex. rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811,
825 (9th Cir. 2007). However, the success "cannot be de minimis
and must be causally linked to the litigation brought." Id.;
see also Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d
9, 15 (1st Cir. 2003) (stating that a prevailing party must
"succeed on the merits of a claim or defense," but that "a party
may be considered 'prevailing' even without obtaining a
favorable final judgment on all (or even the most crucial) of
her claims"), cited by Park ex rel. Park v. Anaheim Union High
Sch. Dist., 464 F.3d 1025, 1035 (9th Cir. 2006) and Shapiro, 374
F.3d at 865 (9th Cir. 2004).

The Magistrate Judge found that Plaintiffs were
prevailing parties for purposes of obtaining attorneys' fees
because they had achieved "limited success at the administrative
level." F&R at 11, 15. Plaintiffs do not contest this finding.
What Plaintiffs do contest is the Magistrate Judge's further
finding that Plaintiffs have not prevailed in the instant appeal
of the administrative decision. See id. at 12; Objections at 2.

In making this finding, the Magistrate Judge explained that neither this Court's dismissal without prejudice of DOE's counterclaims nor its striking of DOE's affirmative defenses without prejudice conferred prevailing party status upon Plaintiffs because these rulings did not materially alter the legal relationship between the parties, and did not serve to adjudicate the substance of the counterclaims and defenses.  F&R at 12.  Furthermore, the Magistrate Judge found, the fact that Plaintiffs obtained reimbursement for speech therapy in the instant proceedings did not render Plaintiffs the prevailing party because such reimbursement was already required pursuant to DOE's stay-put obligation.  Id.  The Magistrate Judge explained, "[T]here cannot exist a change in the legal relationship between the parties when the order concerning reimbursement simply required Defendant to do something it was already obligated to do pursuant to stay put."  Id. at 13-14.

The Court notes as an initial matter that Plaintiffs' continued litigation of this case resulted in $215,856.50 in payments to maintain Student's ABC School placement; however, this was not due to the legal success of Plaintiffs' counsel. See Objections at 9 ("By initiating this instant action, Plaintiffs ensured that Derek continued in his appropriate program and placement [and] that they were entitled to reimbursement for tuition and related services . . . ."); see

- 13 -

<u>also</u> Response at 7.   Rather, these payments were made pursuant
to DOE's mandatory stay-put obligation, which DOE has not
contested in this case.[4]   When the DOE does not contest its
obligation to pay for stay-put, such payment cannot confer upon
an opposing party prevailing party status.   See <u>Dep't of Educ.,</u>
<u>Haw. v. M.F. ex rel. R.F.</u>, Civ. No. 11-00047 JMS-BMK, 2012 WL
2415525, at *3 (D. Haw. May 31, 2012) (stating that the receipt
of stay-put relief does not render a party a prevailing party
when the DOE does "not dispute that it was required to pay for
stay put").

     Furthermore, the Court agrees with the Magistrate
Judge's conclusion that the dismissal of DOE's counterclaims
without prejudice and striking of its affirmative defenses
without prejudice did not alter the legal relationship between
the parties or confer upon Plaintiffs prevailing party status.
<u>See</u> F&R at 12.   The Court never reached the merits of DOE's
counterclaims or defenses, and in fact granted DOE leave to
amend its filing within thirty days, which DOE ultimately chose
not to do.   Dismissal Order at 29-30.

     The Ninth Circuit has stressed that "dismissal without
prejudice does not alter the legal relationship of the parties

---

[4] DOE has contested the scope of its stay-put obligation,
however, an issue that the Court discusses at greater length,
below.

[when] the defendant remains subject to the risk of re-filing." Oscar v. Alaska Dep't of Educ. & Early Dev., 541 F.3d 978, 981 (9th Cir. 2008). Conversely, "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." Cadkin v. Loose, 569 F.3d 1142, 1150 (9th Cir. 2009). The same principles hold true with respect to dismissed counterclaims. See Avery v. First Resolution Mgmt. Corp., 568 F.3d 1018, 1023-24 (9th Cir. 2009) (discussing whether the parties' legal relationship had been altered upon dismissal without prejudice of permissive state law counterclaims).

In Miles v. State of California, the Ninth Circuit rejected plaintiff's argument that defendant was not a prevailing party when plaintiff's case was dismissed without prejudice. 320 F.3d 986, 989 (9th Cir. 2003). The district court had dismissed the case because plaintiff's federal claims were barred under the Eleventh Amendment, but emphasized that its dismissal was "without prejudice to [plaintiff's] right to seek any available relief in the state court." Id. at 987, 989. The Ninth Circuit held that this disposition materially altered the parties' legal relationship because it eliminated plaintiff's ability to pursue his federal claims in federal court. Id. at 989.

- 15 -

Here, by dismissing DOE's counterclaims and
affirmative defenses without prejudice, the Court preserved
DOE's right to pursue its claims in federal court.  Thus,
Plaintiffs' motion to dismiss did not effect a material
alteration in the parties' legal relationship.  The fact that
the Court instituted a thirty-day deadline for DOE to file its
amendment does not alter this conclusion.  When a party's claim
or counterclaim is dismissed without prejudice, the viability of
that claim is still bound by deadlines imposed by statutes of
limitations or the Federal Rules of Civil Procedure.  DOE
presumably had a strategic or legal basis behind its decision
not to file amended counterclaims or affirmative defenses.  But
because the Dismissal Order still left Plaintiffs subject to the
risk that DOE would re-file its counterclaims, Plaintiffs are
not a prevailing party on this issue.

Separately, Plaintiffs maintain in their Objections
that this Court's December 29, 2015 Order reversed the
administrative decision below and "affirm[ed] a parent's right
and entitlement to reimbursement after proving a denial of FAPE
pursuant to a bilateral placement."  Objections at 2, 10.  They
contend that because the Order required DOE to reimburse
Plaintiffs for speech therapy, the Order effectively altered the
legal relationship between the parties and that Plaintiffs are
thus entitled to prevailing party status.  Id. at 8.  Plaintiffs

contend that in the instant proceedings they "obtained what they sought by appealing [AHO Karlen's] erroneous decision." Id. at 10.

Contrary to Plaintiffs' assertions, this Court's Order did not reverse any part of the administrative decision in the prior proceedings. Rather, the Court awarded Plaintiffs $7,689.14 for speech therapy services solely as an "outstanding amount[] owed during Student's stay-put placement at ABC School," and thereafter dismissed Plaintiffs' appeal as moot. Order at 2. The Court reasoned that "[e]ven if it were to reverse the administrative decision below and award Student's 2013-2014 private education costs as remedy for DOE's denial of FAPE, those costs would be coextensive with the amounts already owed by DOE pursuant to stay-put . . . ." Id. at 6. Thus, Plaintiffs did not succeed on the legal theory they initially brought before this Court in filing their appeal.

However, the Court disagrees with the Magistrate Judge that Plaintiffs' success in obtaining an additional $7,689.14 for speech therapy services did not alter the legal relationship between the parties. According to Plaintiffs, DOE began refusing to pay for Student's speech therapy beginning in November 2013. Pls.' Reply Br. at 3, ECF No. 41. DOE maintained that its refusal was due to its belief that the speech therapy services were not required as a part of its stay-

put obligation, since the services were not in place at the time the stay-put obligation commenced.  Def.'s Proposed Findings and Recommendations at 3, ECF No. 48.

While the instant appeal did not originally involve the parties' disagreement regarding stay-put, Plaintiffs brought this into issue when they raised the DOE's failure to pay for both speech therapy and transportation services in their reply brief dated April 21, 2015 – over one year after they filed their Complaint.  See Pl.'s Reply Br. at 3.  DOE has never contested its stay-put obligation, but by contesting the contours of this obligation it created a live controversy subject to adjudication.  And indeed, the Magistrate Judge and this Court ruled in favor of Plaintiffs by requiring DOE to pay for Student's speech therapy, which DOE otherwise would not have done.  Speech Therapy F&R at 8; Order at 2.

Even though Plaintiffs continue to misunderstand the nature of the reimbursement they received in connection with the speech therapy services (i.e. stay-put reimbursement, as opposed to reimbursement due to a denial of FAPE), and indeed have never sought reimbursement in the form of stay-put, the reality is that they procured an award of $7,689.14 that they would not have obtained absent a court order.  It is therefore clear that the parties' legal relationship changed as a result of the instant appeal.

For all of the foregoing reasons, the Court REJECTS the Magistrate Judge's finding that Plaintiffs are not a prevailing party with respect to the proceedings before the district court.  Instead, the Court holds that Plaintiffs have obtained prevailing party status in the instant appeal by procuring an award of $7,689.14 for speech therapy services. Additionally, the Court ADOPTS the Magistrate Judge's finding that Plaintiffs attained prevailing party status in the administrative proceedings.  Plaintiffs are therefore entitled to an award of attorneys' fees and costs.

## II.   Calculation of Attorneys' Fees

When calculating an award of reasonable attorneys' fees in an IDEA case, courts use the lodestar method set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Aguirre v. L.A. Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny").  The lodestar amount is determined by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Subsumed in the lodestar calculation are the following factors:  "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained . . . and (5) the

contingent nature of the fee agreement." Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (internal citations and quotation marks omitted).

Once calculated, the lodestar amount is presumed reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). However, in "rare and exceptional circumstances" a court may adjust the lodestar amount based on those factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), that are not subsumed in the court's initial lodestar calculation. Fischer, 214 F.3d at 1119 n.4; Morales, 96 F.3d at 363-64. These factors are: the time and labor required for the case, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. Kerr, 526 F.2d at 70.

### a. Hourly Rate

The Magistrate Judge found that Plaintiffs' requested hourly rates of $200.00 for attorney Susan Dorsey and $85.00 for paralegal Bruce Ellis were manifestly reasonable, and therefore awarded the same. The parties having raised no objections, the

Court hereby ADOPTS the hourly rates recommended by the Magistrate Judge.

### b. Hours Reasonably Expended

In calculating the lodestar figure, a "district court also should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" <u>Hensley</u>, 461 U.S. at 434. Hours are not "reasonably expended" if they are "excessive, redundant, or otherwise unnecessary." <u>Id.</u> "In determining reasonable fees the court also must assess the extent to which fees and costs could have been avoided or were self-imposed." <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 637 (D. Haw. 1993).

### i. Administrative Proceedings

Plaintiffs object to the Magistrate Judge's recommendation that the fee award for the administrative proceedings be reduced by 30%, on top of the aforementioned reductions.[5]  Objections at 2; <u>see also</u> F&R at 24.  In making the reduction, the Magistrate Judge emphasized that Plaintiffs prevailed only to a limited extent in the administrative proceedings, due to the fact that AHO Karlen concluded they were

_____

[5] Again, Plaintiffs do not specifically object to the 30% reduction for hours associated with the administrative proceedings.  However, the Court will construe Plaintiffs' general objection to the "reduc[tion] [of] attorney's fees for the proceedings before Administrative Hearings Officer David Karlen" as such.  <u>See</u> Objections at 2.

not entitled to any relief.  F&R at 24.  The Magistrate Judge

explained, "Plaintiffs did not achieve a level of success that

would warrant full reimbursement of the fees incurred at the

administrative level."  Id.

Plaintiffs do not specifically make a case for why

this recommendation should be rejected, apart from making a

general objection to the reduction of attorneys' fees for the

administrative proceedings and reiterating why they are entitled

to an award of fees in this case overall.  In that regard,

Plaintiffs assert that they have established that (1) DOE denied

Student a FAPE; (2) that Student's private school placement was

appropriate; and (3) AHO Karlen's conclusion that Plaintiffs

were not entitled to a remedy was erroneous.[6]  Objections at 10-

---

[6] Plaintiffs argue that by finding an ongoing denial of FAPE and
that Student's private placement remained appropriate, yet
denying any remedy to Plaintiffs, AHO Karlen "essentially lodged
an end-run of the law of this Circuit that establishes that a
continuing denial of FAPE continues a student's bilateral
placement until such time that the Department offers that
student a FAPE."  Objections at 3.  Plaintiffs contend that AHO
Karlen's decision "created a loop hole for the DOE to escape any
obligation to reimburse parents for ongoing bilateral placements
when the Department continues to deny them a FAPE."  Id. at 3-4.
Plaintiffs' counsel seems to feel that by filing the
instant appeal she was somehow going to establish a precedent
prohibiting what in her mind was an "end-run" practice by DOE to
deprive a student of FAPE and thereafter gain a ruling from a
due process hearing allowing it to avoid any tuition
reimbursement.  But in fact, AHO Karlen's ruling disallowing
reimbursement notwithstanding his finding that DOE denied
Student a FAPE was based solely on Parent's remarkable lack of
cooperation with DOE in formulating Student's IEP.  Decision at
(continued . . .)

11.  They also contend they were successful in forcing DOE to pay tuition reimbursement and expenses for speech therapy.  <u>Id.</u> at 11.  Finally, Plaintiffs state that they successfully overcame DOE's counterclaim, which sought to reverse AHO Karlen's finding of a denial of FAPE.  <u>Id.</u>

As a preliminary matter, to the extent Plaintiffs' objection to the 30% reduction relies on their purported success in the present proceedings, their arguments are misplaced.  The Court has already determined that Plaintiffs are not a prevailing party in the instant proceedings, and furthermore, the relevant inquiry focuses solely on Plaintiffs' success in the administrative proceedings.

The Ninth Circuit has held that the "degree of success principles" articulated in <u>Hensley</u> apply in IDEA cases. <u>Aguirre</u>, 461 F.3d at 1121.  In <u>Hensley</u>, the Supreme Court held that "the level of a plaintiff's success is relevant to the amount of fees to be awarded."  <u>Hensley</u>, 461 U.S. at 430.  Thus, "a partially prevailing plaintiff generally may not recover fees for her unsuccessful claims."  <u>Aguirre</u>, 461 F.3d at 1118.  In a

40-42.  Both the law of this circuit and the IDEA statute permitted AHO Karlen to take such equitable considerations into account.  <u>See, e.g.</u>, <u>C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.</u>, 635 F.3d 1155, 1159 (9th Cir. 2011); 20 U.S.C. § 1412(a)(10)(C)(iii) ("The cost of reimbursement . . . may be reduced or denied . . . upon a judicial finding of unreasonableness with respect to actions taken by the parents.").

case where plaintiff's claims involve a "common core of facts or will be based on related legal theories," the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  Hensley, 461 U.S. at 435.

The Supreme Court has explained the rationale behind this method as follows:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Id. at 436.

There is no precise formula for making a fee determination when a party has only partially succeeded; rather, the district court "necessarily has discretion in making this equitable judgment."  Id.  The court may endeavor to eliminate specific hours from the fee award, or it may make a more general deduction in reaching its ultimate figure.  Id.

The Court is guided by AHO Karlen's finding that Plaintiffs were the "prevailing party to a limited extent."  See Decision at 43.  In addition to denying Plaintiffs any relief as

a result of DOE's denial of FAPE, AHO Karlen concluded that Plaintiffs had failed to establish that (1) DOE's failure to properly assess Student in the areas of his hearing and his seizures prior to the November 13, 2012 IEP constituted a violation of IDEA; (2) DOE predetermined Student's placement; (3) Parent was denied participation in the November 13, 2012 IEP meeting; and (4) Student was entitled to ESY services.  Id. Thus, Plaintiffs failed to prevail on four of the five issues they presented in the administrative hearing.  See Response at 7-8.

In fact, as DOE further points out, AHO Karlen seemed hesitant to deem Plaintiffs the prevailing party at all.  See id. at 7-9.  Although the AHO concluded that the November 13, 2013 IEP denied Student a FAPE, in discussing whether Plaintiffs were entitled to a remedy, the AHO stated:

> [Plaintiffs'] own expert concluded that the November [13], 2012 IEP[7] was not a functional document because it was far too premature to definitively plan Student's program for the 2013-2014 school year.  In other words, any inadequacies in the IEP could have been corrected and remediated in the several months the DOE had left before the start of the next school year.  Parent insured [sic], however, that such actions would never be achieved.

---

[7] The AHO appears to have mistakenly referred to a "November 7, 2012 IEP."  AHO Decision at 42.

AHO Decision at 42.  The AHO therefore seemed to suggest that, while DOE denied Student a FAPE, it was effectively Parent who was to blame for this outcome.  It was for this reason that the AHO denied Plaintiffs any remedy and reluctantly deemed Plaintiffs the "prevailing party to a limited extent."  See id. at 42-43.

In a case similar to the instant action, this district likewise reduced the plaintiffs' attorneys' fees award by 30% when plaintiffs received a determination at the administrative level that the student was denied a FAPE, but the hearings officer nevertheless declined to award reimbursement.  Natalie M. ex rel. David M. v. Dep't of Educ., Haw., Civ. No. 06-00539 JMS-BMK, 2007 WL 2110510, at *7 (D. Haw. July 19, 2007).  The court explained that "[t]his level of legal success was sufficient to render [p]laintiffs the prevailing party, but they did not achieve a level that can be deemed 'excellent.'"  Id. Because the court reasoned that the denial of FAPE was the more fundamental issue and that the reimbursement claim depended upon the success of the FAPE issue, the court concluded that plaintiffs had to have spent significantly more time on the FAPE issue.  Id.  Thus, the court found, a 30% reduction reflected that a lesser amount of time was spent on the reimbursement claim and was therefore appropriate.  Id.

Finally, the Court notes that even Plaintiffs acknowledged that their initial fee request should be reduced by $8,000, representing "nearly a third of the fees involved at the administrative proceedings."[8]  See Objections at 2-3; Pls.' Suppl. Br. at 8-9.  In a Minute Order dated March 30, 2016, the Magistrate Judge instructed the parties to submit supplemental briefing addressing the question, "[A]ssuming Plaintiffs are conferred with limited prevailing party status as to the administrative proceedings, what is an appropriate reduction to the requested fee award that would accurately reflect success on the sole issue of denial of FAPE[?]"  ECF No. 59.  In their supplemental brief, Plaintiffs concede, somewhat unintelligibly, that their failure to secure a remedy at the administrative level merits an $8,000 reduction from their initial request.  While Plaintiffs' clearly envision that this $8,000 decrease be the only reduction to their fee request, the Court finds it telling that even Plaintiffs recognize that a reduction of nearly 30% from their requested fees for the administrative proceedings is appropriate, in light of their failure to establish entitlement to a remedy.

---

[8] Plaintiffs requested a total of $27,620 in attorneys' fees for the administrative proceedings.  Their proposed $8,000 reduction represents a 28.97% decrease in their request.

For all of the foregoing reasons, the Court finds that a 30% reduction in fees for the administrative proceedings is appropriate, and therefore ADOPTS the Magistrate Judge's recommendation in this regard.

### ii.  The Instant Appeal

Plaintiffs object to the Magistrate Judge's "wholesale" denial of any award of attorneys' fees and costs associated with the appeal before this Court.  Objections at 2. Indeed, with the exception of certain fees awarded in connection with Plaintiffs' Motion for Attorneys' Fees, the Magistrate Judge excluded from the award all hours spent on the instant litigation.

Because the Court has found that Plaintiffs are a prevailing party in the instant appeal, it must determine which hours were "reasonably expended" in pursuit of their award for speech therapy services.  The Court notes that Plaintiffs raised the speech therapy and transportation reimbursement issues for the first time in their reply brief dated April 21, 2015, more than one year after they filed the instant appeal.  Furthermore, Plaintiffs devote only two paragraphs of their 17-page brief to discussing these outstanding payments.  See Pls.' Reply Br. at 2-3.  It therefore appears to the Court that Plaintiffs' concern with the outstanding speech therapy and transportation reimbursement was more of an afterthought, raised in order to

rebut the mootness argument DOE made in its answering brief. See Def.'s Answering Br. at 16-20, ECF No. 39.

Moreover, as explained above, while Plaintiffs were successful in securing an additional $7,689.14 for Student's speech therapy, they succeeded on a legal theory different from the theory they have continued to advance throughout this appeal.  In fact, they appear to still misinterpret the effect of the Court's Order, which awarded Plaintiffs further compensation as a part of stay-put, rather than as a remedy for the denial of FAPE.  The Court therefore feels it would be inappropriate to award Plaintiffs fees for the hours spent prior to the point in this case where the speech therapy and transportation reimbursement became an issue.

Because Plaintiffs succeeded in obtaining compensation solely for Student's speech therapy, the Court finds it proper to award fees for only 50% of the hours that were accrued after Plaintiffs filed their reply brief.  This figure will be determined after any deductions are made for clerical tasks that were incorrectly billed during this time period.  Additionally, because the reply brief itself only briefly touched on the speech therapy and transportation reimbursement, the Court will

award fees for 5.2 of the 37.2 hours Plaintiffs spent on their reply brief.[9]

### iii. Attorneys' Fees Motion

The Magistrate Judge awarded Plaintiffs attorneys' fees for time spent on Plaintiffs' Motion for Attorneys' Fees. F&R at 22.  With regards to that Motion, Plaintiffs requested a total of 23.9 hours and the Magistrate Judge found that 17.9 hours were reasonably expended.  See id.; see also Reply at 15; Decl. of Susan K. Dorsey ¶ 10, ECF No. 58-1.  Because Plaintiffs do not specifically object to this recommendation, the Court reviews the recommendation for clear error and ADOPTS the same.

### iv. Clerical Tasks

Finally, with regards to the administrative proceedings, the Magistrate Judge deducted 3.3 hours for time spent on clerical tasks.[10]  "Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  Jeremiah B. v. Dep't of Educ., Civ. No. 09-00262

---

[9] A review of Plaintiffs' attorney's billing records indicates that as many as 4.2 of these hours were devoted to tasks specifically related to the outstanding speech therapy and transportation reimbursement issues.

[10] Plaintiffs did not specifically object to this recommendation. However, because Plaintiffs state that their objections "are based on the fact that the F&R[] recommend that the Court . . . reduce the attorney's fees for the proceedings before the Administrative Hearings Officer David Karlen," Objections at 2, the Court will review the recommendation de novo.

DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Sols., Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). "Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable." Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099-00 (D. Haw. 2010). Thus, "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009).

### 1. Administrative Proceedings

The Court agrees with the Magistrate Judge that the entries on 8/5/13 (review of administrative agency notice), 8/23/13 (correspondence with administrative hearings officer regarding scheduling), 10/30/13 (correspondence with administrative agency regarding new hearings officer), and 10/31/13 (review of administrative agency notice) constitute clerical tasks and are not compensable.

However, the entries on 8/30/13, 11/14/13, 11/19/13, and 1/2/14 (drafting and editing attorney declaration in support of request for extension of 45-day limit), while involving scheduling matters, do not appear to be clerical in nature. But the Court notes that it has been able to locate in the

administrative record only three declarations in support of such time extensions, rather than the four that are suggested by the time entries.  Furthermore, the three declarations are substantially similar, and in fact two of the declarations are virtually identical.  Thus, the Court will award Plaintiffs attorneys' fees for the entry logged on 8/30/13 (representing the time to draft one extension request), but finds that the hours logged on 11/14/13, 11/19/13, and 1/2/14 (representing the time to draft the other three requests) are unreasonably excessive, and will decline to add those hours back into the fee award.  Finally, the Court finds that the entries on 9/4/13, 9/23/13, and 1/13/14, which all reflect time for the review of administrative agency orders, do not constitute clerical tasks and are therefore compensable.

Accordingly, the Court MODIFIES the Magistrate Judge's recommendation that 3.3 hours be deducted for clerical tasks completed during the administrative proceedings, and instead deducts only 2.1 hours for clerical tasks from Plaintiffs' fee award.

### 2. The Instant Appeal

The Court has also identified several time entries associated with the instant appeal that reflect clerical tasks. Specifically, the entries on 4/22/15 (review of court notice), 7/27/15 (communication with court staff), and 12/8/15

(communication with court staff) are clerical in nature and are thus non-compensable. Additionally, the entries on 8/13/15 and 10/30/15 refer to "finaliz[ing] and "fil[ing]" documents. Because the filing of documents is a non-compensable clerical task, the Court will deduct .3 hours from each entry, since it is otherwise unclear how much time Plaintiffs devoted to filing such documents.

The Court therefore deducts from the fee award an additional 1.2 hours for clerical tasks completed during the instant appeal.

### c. Costs

A prevailing party is entitled to recover costs, separate from attorneys' fees. Fed. R. Civ. P. 54(d)(1); see also 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("[T]he court, in its discretion, may award reasonable attorneys' fees *as part of the costs* . . . to a prevailing party who is the parent of a child with a disability.") (emphasis added). "[T]here is a strong presumption in favor of awarding costs to the prevailing party." Miles v. State of California, 320 F.3d 986, 988 (9th Cir. 2003). "To overcome this presumption, a losing party must establish a reason to deny costs." Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006). Furthermore, "[a] district court may not deny costs to a prevailing party without specifying reasons for the refusal." Miles, 320 F.3d at 988.

The Magistrate Judge recommended awarding Plaintiffs $491.88 in costs for filing and service fees, messenger charges, facsimile charges, and postage.  F&R at 29, 31.  He declined to award Plaintiffs their requested paralegal fees due to the fact that the court excluded Mr. Ellis's hours in its attorney fee calculation.  Id. at 31.  Neither party objects to these recommendations, and the Court therefore ADOPTS the same.

The Magistrate Judge also recommended denying Plaintiffs their copying costs, due to the fact that Plaintiffs' attorney's declaration failed to sufficiently describe the need for the copies.[11]  Id. at 30.  However, he granted Plaintiffs leave to submit the appropriate documentation by June 7, 2016. Id.

This district's Local Rules state, "The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  L.R. 54.2(f)(4).  As noted by the Magistrate Judge, rather than submitting the required affidavit, Plaintiffs provided a number of invoices in connection with their outside copying costs, as

---

[11] According to the F&R, Plaintiffs requested $288.15 in internal copying costs and $227.47 in outside copying costs.  F&R at 29.

well as attorney declarations providing the cost per page for
internal copying.

Despite having an opportunity to further support their
request for copying costs, however, Plaintiffs failed to submit
the proper documentation by the June 7 deadline provided by the
Magistrate Judge.  Further, both their Objections and their
attorney's declaration in support of their Objections simply
state that "the copying costs incurred by Plaintiffs are
manifestly reasonable where Professional Image [Plaintiffs'
outside copying service] does the requisite copying at $0.08
each which is lower than the Court's allowance of $0.15 per
page."  Objections at 13; Decl. of Susan K. Dorsey ¶ 3, ECF No.
63-2.  Because this statement fails to appropriately describe
the documents that were copied or the use of or intended purpose
of the items copied, the Court is unable to determine whether
these costs were reasonably incurred.  Accordingly, the Court
ADOPTS the Magistrate Judge's recommendation that the requested
copying costs be denied.

### III.   Total Award

Based on the foregoing, the Court calculates the total
award of attorneys' fees and costs as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Susan Dorsey | 135.55[12] | $200.00 | $27,110.00 |
| Bruce Ellis (Paralegal) | 0[13] | $85.00 | $0.00 |
| | | Subtotal | $27,110.00 |
| | General Excise Tax (4.712%) | | $1,277.42 |
| | | Costs | $491.88 |
| | | TOTAL | $28,879.30 |

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS in part, REJECTS in part, and MODIFIES in part the Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for an Award of Attorneys' Fees and Costs.  The Court awards Plaintiffs attorneys' fees and costs of $28,879.30.

Finally, the Court addresses Plaintiffs' contention that DOE has so far failed to reimburse Plaintiffs $7,689.14 for speech therapy services, as previously ordered by this Court.  Decl. of Susan K. Dorsey ¶ 4, ECF No. 63-2; Order at 2.  DOE's attorney states that it is her understanding that these fees have been paid in full, but that she was unable to verify this

---

[12] (((138.1 hours requested for administrative proceedings) – (2.1 hours for clerical tasks)) * 0.70%) + (((35.7 hours requested for period after reply brief filed) – (1.2 hours for clerical tasks)) * 0.50%) + (5.2 hours for reply brief) + (17.9 hours for attorneys' fees motion) = 135.55 hours.

[13] The Court notes that Bruce Ellis's 1.50 hours were all logged during the instant appeal, but before Plaintiffs began work on the reply brief that raised the speech therapy issue.

fact at the time DOE filed its Response to Plaintiffs'

Objections.   Response at 20 n.7.   Thus, to the extent DOE has

not reimbursed Plaintiffs for the aforementioned speech therapy

services, it is ordered to do so forthwith.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, August 29, 2016.



_____
Alan C. Kay
Sr. United States District Judge

Derek H. ex rel. Ritako H. v. Department of Education, State of Hawaii, Civ. No. 14-00143 ACK-KSC, Order Adopting in Part, Rejecting in Part, and Modifying in Part the Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for an Award of Attorneys' Fees and Costs.